**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER and ANGELA FERRARA,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **vs.** | ) **Civil Action No. 26-00136-KD-N** ) |
| **OAK SHORES DEVELOPMENT, LLC,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) |

## ORDER

This action is before the Court on the Motion to Remand filed by Plaintiffs Christopher and Angela Ferrara (Doc. 5), Defendant Oak Shores Development, LLC's Response (Doc. 17), and the Ferraras' Reply (Doc. 19).

After the Ferraras filed their Third Amended Complaint, Oak Shores removed the action pursuant to 28 U.S.C. § 1331, 1367, 1441(a) and 1446 (Doc. 1, Doc. 1-1, Third Amended Complaint). Oaks Shores states that the Ferraras have "for the first time affirmatively place[d] federal law at the core of the relief requested and render[ed] the action removable under 28 U.S.C. § 1446(b)(3)." (Id.) Oak Shores asserts that this Court "has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' Third Amended Complaint asserts claims that arise under the laws of the United States" (Id. at p. 2). Specifically,

a. The Clean Water Act, ("CWA"), 33 U.S.C. § 1251 et seq.;

b. United States Supreme Court precedent interpreting the CWA, including *Sackett v. Environmental Protection Agency*, 598 U.S. 651 (2023); and

c. Post-*Sackett* guidance and regulatory interpretations issued by the Environmental "Protection Agency.

(Doc. 1 at p. 2).

All Defendants but for Jay B. Faulkner consent to or join in the removal (Docs. 2, 3, 6), and did so within the thirty-day period prescribed in 28 U.S.C. § 1446(b).  Faulkner filed a "Notice of Non-Consent to Removal" wherein he emphasized that "he does **not** consent to removal …" (Doc. 8) (emphasis in original).  However, in support of removal, Oak Shores asserts that Faulkner is "nominally pled as a defendant" and "federal law requires that he be realigned as a plaintiff because his interests are wholly aligned with" the Ferraras "on the principal and controlling dispute in this action." (Doc. 1 at p. 4).  Oak Shores asserts that Faulkner, as the owner and seller of Lot 3 and the Ferraras as buyers pursuant to a contract to purchase Lot 3, are aligned for the purpose of obtaining a judicial decision regarding Oak Shores' easements on Lot 3 so that the sale may proceed (Id., at p. 5). Oak Shores argues that because Faulkner's and the Ferraras' interests coincide on the primary issue – Oak Shores' possession of an enforceable easement burdening Lot 3 - and that "[f]ederal law requires Faulkner be realigned as a plaintiff, [] his consent to removal [is rendered] irrelevant" (Doc. 17 at p. 10-11).

The Ferraras correctly point out that "[u]nder the rule of unanimity, codified at 28 U.S.C. § 1446(b)(2)(A), the consent of all properly joined and served defendants is a mandatory prerequisite to removal" (Doc. 5 at p. 2).  The Ferraras also correctly argue that the "realignment doctrine traditionally operates to determine subject matter jurisdiction", and that Oak Shores invoking the doctrine "to excuse a procedural defect … is an entirely different use of the doctrine, and one that courts have consistently rejected." (Id. at p. 7).

Upon consideration of the Motion, Response, and Reply, and the parties' respective arguments as set forth therein, the Court adopts the reasoning set out in Section I and II of the

Ferrara's Motion (Doc. 5 at p. 5-9[1]), as the reasoning of the Court.  Accordingly, the Motion to

Remand is **granted** and this action is remanded to the Circuit Court of Baldwin County,

Alabama.[2]

  **DONE** and **ORDERED** this 26th day of June 2026.


        **s / Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**

---

[1]  The citation to <u>Karp v. American Law Enforcement Network, LLC</u>, 2011 WL 5869578 (S.D. Ala. Nov. 18, 2011) (doc. 5 p. 8) is corrected to read <u>Karp v. American Law Enforcement Network LLC</u>, 2011 WL 6963254 (S.D. Ala. Nov. 18, 2011) (report and recommendation adopted 2012 WL 38161 (S.D. Ala. Jan. 6, 2012)).

[2] The Ferraras' request for an award of "costs and actual expenses, including attorney's fees incurred" for the removal (Doc. 5 at p. 13) is denied.